**BOYDELL BROS. WHITE LEAD & COLOR CO. v. UNITED STATES GUTTA PERCHA PAINT CO.**

Court of Appeals of District of Columbia.
Submitted November 18, 1927. Decided December 15, 1927.

No. 1988.

Trade-marks and trade-names and unfair competition ⚬⟝43—Registration of words "Canned Light" as trade-mark for paints, held properly refused, in view of prior use of "Barreled Sunlight."

Application by producer of mixed paint sold in cans for registration of words "Canned Light" as trade-mark *held* properly refused, in view of prior use of "Barreled Sunlight" used on same class of goods, where applicant's mark used in connection with words was can of paint with light issuing from top, whereas opposer's mark was representation of barrel with light bursting from its head.

Appeal from a Decision of the Commissioner of Patents.

Application by the Boydell Bros. White Lead & Color Company for the registration of a trade-mark, opposed by the United States Gutta Percha Paint Company. The Commissioner sustained the opposition and refused registration, and applicant appeals. Affirmed.

W. F. Murray, of Cincinnati, for appellant.

C. S. Grindle, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. The appellant Paint Company sought registration in the Patent Office of the words "Canned Light" as a trade-mark for mixed paints and paint enamel. The opposer, appellee company, bases its opposition to the registration of the mark on its registered mark "Barreled Sunlight," used upon the same class of goods. The prior use by appellee company is established by the evidence.

Appellee's mark is used in connection with the representation of a barrel with light bursting from its head, presenting the appearance of the rays of the rising sun. Appellant company discloses the representation of a can of paint with a flood of light issuing from the top of the can, similar in appearance to that shown as issuing from the barrel in appellee's representation. Across the rays of light, in appellant's representation, are the words "Canned Light." The only difference in the representations is that appellee uses a barrel, and appellant uses a can.

It appears from the testimony that the opposer sells its paint in tin cans, as well as by the barrel, and the cans bear the appellee's mark and representation. Without stopping to consider further the features of the respective marks, we agree with the Commissioner that, inasmuch as these marks are used on mixed paint which is sold in cans, the marks are so similar as to lead to confusion with the purchasing public. The Commissioner was right in sustaining the opposition and refusing registration to appellant company.

The decision is affirmed.